FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER EDWARD GEORGE BRAIDWOOD,<br><br>           Plaintiff,<br><br>           v.<br><br>MICHAEL JAMES EDWARD CORYER,<br><br>           Defendant. | No. 4:23-CV-05016-SAB<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION** |

Before the Court is *pro se* Plaintiff's Complaint, ECF No. 1. As the federal courts are courts of limited jurisdiction, *Home Depot USA, Inc. v. Jackson*, __ U.S. __, 139 S. Ct. 1743, 1746 (2019), the Court finds it necessary to consider whether it has subject matter jurisdiction over this action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). If the Court determines it lacks subject matter jurisdiction, it lacks authority to hear the case and the action must be dismissed. *See Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment*, 558 U.S. 67, 81 (2009).

Congress granted federal courts jurisdiction over two general types of cases. *Jackson*, 139 S. Ct. at 1746. First, federal courts may hear cases that arise under federal law pursuant to 28 U.S.C. § 1331, which are known as federal-question jurisdiction cases. *Id.* Second, federal courts may hear cases in which the amount

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION** *1

in controversy exceeds $75,000 and there is diversity of citizenship among the parties pursuant to 28 U.S.C. §1332, known as diversity jurisdiction cases. *Id.*

Plaintiff claims the Court has federal-question jurisdiction over this action. A case arises under federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983). The federal question must be evident from the face of the plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In this case, the Complaint merely alleges "fraud" and does not present any federal questions. Civil fraud claims do not arise under federal law and, without more, the Court lacks federal-question jurisdiction.

Plaintiff does not assert the Court has diversity jurisdiction. Nonetheless, the Court finds diversity jurisdiction is absent. 28 U.S.C. § 1332 requires that the amount in controversy exceed $75,000. To determine if the amount in controversy requirement is met, courts look to the amount demanded by the plaintiff in the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291–92 (1938). Here, Plaintiff's Complaint only requests damages in the amount of $28,812. Therefore, the amount in controversy is not met and the Court lacks diversity jurisdiction.

While *pro se* plaintiffs should generally be granted leave to amend, leave to amend should not be granted where it appears amendment would be futile. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). The Court finds leave to amend would be futile in this case. Since this matter must be dismissed for want of jurisdiction, the Court denies all pending motions as moot.

//
//
//
//

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION** *2

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 8, is **DENIED, as moot**.

2. Plaintiff's Motion for Default Judgment, ECF No. 9, is **DENIED, as moot**.

3. The above-captioned case is **DISMISSED, with prejudice**, for lack of subject matter jurisdiction.

4. The Clerk of Court is directed to **CLOSE** the file.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order and provide a copy to *pro se* Plaintiff.

**DATED** this 14th day of April 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION** *3